OPINION OF THE COURT
Augustus C. Agate, J.
Plaintiff brought suit to recover payment from defendant insurance company for medical services rendered to its assignor. Pursuant to the No-Fault Law, plaintiff submitted a notice of claim to defendant on June 6, 2002, which was received by defendant on June 11, 2002. Defendant issued a denial dated July 11, 2002, which was mailed to plaintiff on July 17, 2002.
Plaintiff moves for summary judgment, arguing that as defendant submitted an untimely denial, defendant can present no defense against plaintiff, thereby leaving no issues of fact in dispute. Defendant argues that the claim was timely denied *709 within 30 days of receipt, and therefore summary judgment is not warranted.
The sole issue in this matter is whether defendant timely submitted its denial. Defendant argues that its notice of denial is timely because it is dated July 11, 2002, exactly 30 days from the date of receipt of plaintiffs claim. Plaintiff argues that, while defendant’s denial is dated July 11, 2002, defendant did not mail the denial until July 17, 2002, thereby making it untimely. Therefore, the court must determine whether the no-fault statute requires the issuance of a denial to be generated within 30 days or to be mailed within 30 days.
Under the No-Fault Law, an insurance carrier is required to either pay or deny a claim for benefits within 30 days from its receipt of the claim. (11 NYCRR 65.15 [g] [3].) Therefore, for defendant to properly deny a claim, it must issue its denial within 30 days from receipt of the claim. To decide this motion, then, the court must determine what the term “issue” means under the statute. To believe plaintiff, issue would include the mailing of the denial, while defendant’s argument finds issue to mean the existence, drafting or generating the denial.
Upon reviewing the Insurance Regulations, legislative history and case law, it must be inferred that the issuance of a denial included the generation and mailing of the denial. While there is no law defining “issue” in this matter, it is clear that the generation of a denial form and its mailing are separate and distinct aspects of “issuing” a denial. (See Hospital for Joint Diseases v Nationwide Mut. Ins. Co., 284 AD2d 374 [2d Dept 2001] [defendant insurance company presented evidence regarding whether denial of claim forms were mailed on the date issued].) While defendant may consider the generation of a denial form to be its issuance, there is no authority to support its conclusion that the mere generation of a denial is sufficient to comply with statutory regulations.
Therefore, to issue a timely denial, defendant must generate its denial and mail it to plaintiff within 30 days. Any other interpretation of the statute would render the time limit meaningless, as defendant could backdate its denial and mail it days or weeks later, and still have issued a timely denial. The purpose of having the time requirement is to foster the expeditious processing of claims by the insurance carrier, a purpose that would be thwarted if defendant’s position were accepted. By finding that defendant issued a timely denial simply by generating the document belies logic and any reasonable interpretation of the law.
*710 The evidence indicates that defendant generated its denial on July 11, 2002, but did not mail its denial until July 17, 2002. Therefore, since defendant did not issue its denial until July 17, 2002, it failed to comply with the 30-day statutory requirement. As defendant has presented no other defenses to plaintiffs claim, there are no issues of fact in dispute.
Therefore, plaintiffs motion for summary judgment is granted. Judgment is awarded to plaintiff in the amount of $879.73, with statutory interest, costs and fees.