OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion for summary judgment on their claims granted and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
*27 In this action to recover $4,643.74 in first-party no-fault benefits, two of the plaintiffs moved for summary judgment, Royalton Chiropractic EC. on two claims, one for $1,730.58 for tests rendered April 13, 2001, and one for $1,757.62 for tests rendered April 16, 2001, and A.B. Medical Services, FLLC on its two claims, each for $302.12. Defendant opposed, citing said plaintiffs’ failure to prove the treatments’ medical necessity and otherwise to allege a prima facie case for summary judgment. Summary judgment should have been granted as to the four claims.
We have rejected arguments that a no-fault benefits claimant is obligated to prove the treatment’s medical necessity, at the claim stage or in support of its motion for a summary judgment in a subsequent action on the claim (see Amaze Med. Supply v Eagle Ins. Co., 2003 NY Slip Op 51701[U] [decided herewith]; Choicenet Chiropractic v Allstate Ins. Co., 2003 NY Slip Op 50672[U]; Park Health Ctr. v Prudential Prop. & Cas. Ins. Co., 2001 NY Slip Op 40650[U]; see also Sehgal v Royal Ins. Co. of Am., NYLJ, Apr. 15, 1999, at 31, col 4 [App Term, 9th & 10th Jud Dists]). Having failed to timely mail or otherwise deliver its determination form with respect to Royalton’s $1,730.58 claim, that is, to “pay or deny the claim in whole or in part” (11 NYCRR 65-3.8 [c]) within 30 days of receipt as required by Insurance Law § 5106 (a) (see Nyack Hosp. v Progressive Cas. Ins. Co., 296 AD2d 482, 483 [2002]; Damadian MRI in Canarsie v Countrywide Ins. Co., 194 Misc 2d 708 [2003]), defendant waived nearly all objections and defenses thereto, relating to the adequacy of the proof of claim (New York & Presbyt. Hosp. v American Tr. Ins. Co., 287 AD2d 699, 701 [2001]) or to its propriety (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; New York & Presbyt. Hosp. v Empire Ins. Co., 295 AD2d 325 [2002]). We also agree that defendant failed to demonstrate that it took any action on Royalton’s $1,757.62 claim after Royalton timely responded to its request for medical verification, thereby waiving any defenses to said claim. Finally, given A.B. Medical Services’ unrebutted proof that it mailed Kaufman’s claims on September 24, 2001, defendant’s March 2002 verification requests were clearly untimely (11 NYCRR 65-3.5 [a]; 65-3.6 [b]) and thus summary judgment should also be granted as to this claim.
The matter is remanded to the court below for a calculation of the statutory interest and an assessment of attorney’s fees due on $4,092.44, the portion of the claim for which summary *28 judgment was sought (Insurance Law § 5106 [a]; 11 NYCRR 65-3.9 [a]; 65-3.10 [a]; see St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641 [1995]), and for all further proceedings on the remainder of the claim.
Ajronin, J.E, Golia and Rios, JJ., concur.