OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed with $10 costs.
Plaintiff, a health care provider, seeking to recover assigned first-party no-fault benefits, established a prima facie entitlement to summary judgment by the submission of a complete proof of claim and the amount of the loss (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Defendant failed to deny the claim within the statutory 30-day claim determination period (11 NYCRR 65.15 [g] [3]). Defendant’s requests for examinations under oath did not toll the 30-day period, inasmuch as the insurance regulation in effect at the time plaintiff submitted its claim did not contain a provision requiring a claimant to appear for an examination under oath (see A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 2003 NY Slip Op 51392[U] [App Term, 2d & 11th Jud Dists 2003]). Accordingly, defendant is precluded from raising most defenses (see Presbyterian Hosp. in City of N.Y.v Maryland Cas. Co., 90 NY2d 274, 282 [1997]).
However, an untimely denial does not preclude a defendant from asserting the defense that the collision was a staged event in furtherance of an insurance fraud scheme (see Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751 [2002]). The investigator’s affidavit set forth sufficient facts to demonstrate that defendant possessed a “founded belief that the alleged injur[ies] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). As a result, because defendant demonstrated the existence of a triable issue of fact as to whether there was a lack of coverage (see id.), plaintiffs motion for summary judgment was properly denied.
McCabe, P.J., Rudolph and Angiolillo, JJ., concur.