OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiff commenced this action to recover first-party no-fault benefits for medical supplies provided to its assignor. Thereafter, plaintiff moved for summary judgment in the amount of $980, which motion was denied by order entered September 10, 2003.
Contrary to the determination of the court below, plaintiffs billing manager did not have to allege in his supporting affidavit that he had personal knowledge that the equipment was furnished to plaintiffs assignor. Said affidavit set forth the billing manager’s duties so as to support the conclusion that the attached exhibits were sufficiently accurate and trustworthy to merit their admission into evidence pursuant to the business record exception to the hearsay rule (see CPLR 4518 [a]; People v Kennedy, 68 NY2d 569 [1986]), and said exhibits established that the supplies were furnished to the assignor.
A review of the record indicates that plaintiff established its prima facie entitlement to summary judgment by showing that it submitted a properly completed claim form to defendant for $980 (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip *57 Op 51700[U] [App Term, 9th & 10th Jud Dists 2003]). It is uncontroverted that defendant had until July 17, 2003 to pay or deny plaintiffs claim. The plaintiffs billing manager asserted that the defendant’s denial was untimely and he submitted a photocopy of an envelope, postmarked August 29, 2003, which allegedly contained the denial form. Defendant, however, submitted the affidavit of its claims adjuster who attested to the routine procedure and practice of her office, in the regular course of its business, which indicates that the denial had been duly addressed and mailed to plaintiff on July 17, 2003. In view of the foregoing, we find that the court below properly determined that a triable issue of fact existed (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, plaintiffs motion for summary judgment was properly denied.
McCabe, EJ., Covello and Tanenbaum, JJ., concur.