*768 OPINION OF THE COURT
Ann Elizabeth O’Shea, J.
This is an action to recover first-party no-fault benefits, attorney’s fees and costs pursuant to New York’s Insurance Law and no-fault regulations. The cause of action allegedly arose out of an automobile accident on June 24, 2002, in which Robert Nieves, plaintiff’s assignor, was injured. Plaintiff, a medical equipment supplier, allegedly provided Mr. Nieves with medical supplies for which it submitted a claim for $705 to defendant insurer. Defendant denied plaintiffs claim on the ground that the supplies were not medically necessary. Plaintiff now moves for summary judgment, arguing that defendant’s denial was untimely and without any evidentiary support. Defendant, in opposition, asserts that plaintiff has not established its prima facie entitlement to summary judgment with admissible evidence, including evidence as to the documented cost of the supplies provided. For the following reasons, plaintiffs motion is granted in all respects.
Under the No-Fault Insurance Law and regulations, a medical equipment supplier must submit a properly completed proof of claim[1] to the insurer within 180 days after the supplies have been provided under the “old regulations” in effect prior to April 4, 2002 (11 NYCRR 65.12) or 45 days after the supplies have been provided under the “new regulations” in effect on April 4, 2002 and thereafter (11 NYCRR 65-1.1 [h]). The insurer then has 30 days from the date the claim is received to pay or deny the claim under both the old and new regulations (11 NYCRR 65.15 [g] [1] [i]; 65-3.8 [a] [1]). If the insurer has any objections to or questions about the claim, including, among other things, the necessity for the supplies provided, the amount of the claim, or the adequacy of the claim form,[2] it may request that the claimant provide further information to verify the claim (11 NYCRR 65.15 [d] [1] [old regulations]; 11 NYCRR 65-3.5 [b] [new regulations]; see Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U], *2 [App Term, 2d Dept 2003] [“a properly completed claim form, which suffices on its face to establish the particulars of the nature and extent of the injuries and (health benefits) received and contemplated *769 . . . and the proof of the fact and amount of the loss sustained . . . is all that is necessary at the claim stage ...” (internal quotation marks and citations omitted)]; see also Dermatossian v New York City Tr. Auth., 67 NY2d 219, 224 [1986] [“to receive payment, (a claimant) need only file a ‘proof of claim’ (which) the insurers are obliged to honor . . . promptly or suffer the statutory penalties” (citations omitted)]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 2d Dept 2003]). A request for verification must be made by the insurer within 10 business days after the claim has been received under the old regulations (11 NYCRR 65.15 [d] [1]) and within 15 business days under the new regulations (11 NYCRR 65-3.5 [b]). The 30-day clock in which to pay or deny the claim is then stopped until the requested information is provided by the claimant (see Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]; Liberty Queens Med., P.C. v Liberty Mut. Ins. Co., 2002 NY Slip Op 40420[U] [App Term, 2d & 11th Jud Dists 2002]). An insurer who fails to pay or deny the claim — or seek verification of the particulars of the claim — within the applicable time periods is thereafter precluded from raising any defenses to the claim, other than lack of coverage or fraud (Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997]; Presbyterian Hosp. v Aetna Cas. & Sur. Co., 233 AD2d 433 [2d Dept 1996]; Central Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [2d Dept 1999]). The Court of Appeals has explained the principles and policies that prompted the adoption of this comprehensive regulatory scheme for the resolution of no-fault claims:
“[T]he primary purpose underlying the No-Fault Law [is] to assure claimants of expeditious compensation for their injuries through prompt payment of first-party benefits without regard to fault and without expense to them ... To implement this legislative aim of curtailing delay and reducing expense in the adjustment of motor vehicle accident claims, the regulations . . . are written to encourage prompt payment of claims, to discourage investigation by insurers, and to penalize delays.” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986] [citations omitted].)
Those principles and policies have also informed court decisions limiting the proof required by medical providers and the defenses available to insurers on motions for summary judg *770 ment and at trial. To establish a prima facie case, a plaintiff medical supplier must submit proof that it timely transmitted its claim for no-fault benefits, that the defendant insurer received the claim but failed to pay or validly deny the claim within the permissible 30 days or to request verification within the applicable 10 or 15 business days after it received the claim (Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U], *2 [App Term, 2d Dept 2003] [“courts have declined to distinguish a proper proof of claim under the insurance regulations from the quantum of proof necessary to prevail on a motion for summary judgment in an ensuing action on the claim”]; see also Ocean Diagnostic Imaging P.C. v State Farm Mut. Auto. Ins. Co., 5 Misc 3d 53 [App Term, 2d Dept 2004]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d Dept 2003]). Once the plaintiff has established its prima facie case, the burden shifts to the defendant to come forward with admissible evidence refuting plaintiffs evidence and demonstrating the existence of a material issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
In support of its motion for summary judgment, plaintiff submitted a copy of its NF-3 proof of claim form, accompanied by an affidavit of its billing manager attesting on personal knowledge to the issuance of the claim, and a copy of defendant’s denial form (NF-10), indicating defendant received the claim on August 28, 2002, and denied it on November 21, 2002.[3] In this case, the NF-10 denial form, which is admissible as an admission by defendant, is sufficient to establish plaintiff’s prima facie entitlement to summary judgment, i.e., that the claim was transmitted, that defendant received it, and that defendant failed to pay or deny the claim within 30 days of receipt[4] (see A.B. Med. Servs., PLLC v New York Cent. Mut. Fire Ins. Co., 3 *771 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [2d Dept 2004]). Nothing more is required.[5]
Defendant offers nothing in response to plaintiff’s motion other than a generic attorney’s affirmation in opposition and a generic memorandum of law with little but a passing connection to the claims in issue here. In any event, construing defendant’s opposition in the most favorable light possible, defendant fails to overcome plaintiffs prima facie case for several reasons.
First, the denial is untimely, and, therefore, defendant is precluded from asserting any defense other than fraud or lack of coverage (Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997]; Presbyterian Hosp. v Aetna Cas. & Sur. Co., 233 AD2d 433 [2d Dept 1996]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [2d Dept 1999]).
Second, the stated reason for the denial in defendant’s NF-10 is that “an extended delay between the motor vehicle accident and the beginning of treatment suggest not medically necessary and raises issue of casualty [sic].” It is by now firmly established that the burden is on the insurer to prove that the medical services or supplies in question were medically unnecessary (see, e.g., A.B. Med. Servs, v GEICO Ins., 2 Misc 3d 26 [App Term, 2d Dept 2003], and cases cited therein). In addition, a denial premised on lack of medical necessity must be supported by evidence such as an independent medical examination, peer review, or examination under oath “setting forth a sufficiently detailed factual basis and medical rationale for the claim’s rejection” (Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701, *1 [App Term, 2d Dept 2003]; see also Rockaway Blvd. Med. P.C. v Travelers Prop. Cas. Corp., 2003 NY Slip Op 50842[U] [App Term, 2d & 11th Dists 2003]; see also 11 NYCRR 65-3.8 [b] [4]; Choicenet Chiropractic P.C. v Travelers Prop. Cas. Corp., 2003 NY Slip Op 50697[U] [App Term, 2d & 11th Jud Dists 2003]; Rockaway Blvd. Med. P.C. v Allstate Ins. Co., 2003 NY Slip Op 50681DJ] [App Term, 2d & 11th Jud Dists *772 2003]). Defendant’s conclusory, unsupported statement in its denial form is wholly inadequate to defeat plaintiffs motion for summary judgment.
Finally, to the extent defendant’s defense to the summary judgment motion is that plaintiff did not document the cost of the supplies provided as part of its claim, the defense is without merit. It is true that, under the regulations, no-fault benefits available for medical supplies are limited to 150% of their “documented cost” (see 11 NYCRR Appendix 17-C, part E [b] [1]). However, in this court’s view, “documented cost” is not an element of plaintiffs prima facie case. As is the case with issues of medical necessity, any questions about the amount claimed for medical supplies can and should be asked through a request for verification and, if possible, resolved at the claim stage, not by a court on a motion for summary judgment or at trial. Defendant had the opportunity to ask plaintiff to document the costs of the supplies when it received the claim. Because defendant failed to do so within the time permitted by the regulations, defendant is precluded from raising it now as a defense to plaintiffs summary judgment motion.[6]
For the foregoing reasons, plaintiffs motion is granted in all respects. Judgment shall be entered in favor of plaintiff for $705 plus statutory interest and attorney’s fees plus costs.

. Or “substantially equivalent written notice” (11 NYCRR 65-3.5 [a]).

. For example, lack of authentication or other defect in the assignment of benefits (see, e.g., Elm Med., P.C. v American Home Assur. Co., 2003 NY Slip Op 51357[U]; but see A.B. Med. Servs. PLLC v Highlands Ins. Co., NYLJ, May 27, 2003, at 21, col 3 [Civ Ct, NY County]).

. Also annexed to the moving papers is a copy of an unsworn “Letter of Medical Necessity” concerning the assignor. This document is not considered by the court as it is not in admissible form.

. The court notes that the mailing log, date stamped by the Postal Service, also submitted in support of plaintiffs motion, standing alone without any accompanying affidavit made on personal knowledge that the proof of claim was transmitted in accordance with plaintiffs regular business procedures, would not be sufficient, for summary judgment purposes, to establish that the claim was transmitted to defendant.

. The additional documents submitted by plaintiff — a receipt for medical equipment and an assignment of benefits form signed by the assignor; a prescription for the medical equipment; invoices from Collona Distributors, Inc.; a copy of a cancelled check to Collona Distributors, Inc. for the full amount of the invoices — were not required as part of plaintiffs prima facie burden of proof on its summary judgment motion, although they may have been instructive as a response to a timely request for verification of the claim by defendant.

. To the extent this decision is at odds with King’s Med. Supply v Travelers Prop. Cas. Corp. (194 Misc 2d 667 [Civ Ct, Kings County 2003]), which was decided before the development of the Appellate Term case law, this court respectfully declines to follow it.