OPINION OF THE COURT
Cynthia S. Kern, J.
Plaintiff has brought the present action to recover first-party no-fault benefits from defendant insurance company for current perception threshold testing it performed on its assignor after its assignor was involved in a motor vehicle accident. After plaintiff submitted a claim for reimbursement to defendant, defendant timely denied the claim on the ground that the services *976 were medically unnecessary based on prior arbitration decisions which found that current perception threshold testing is not a valid diagnostic test. Plaintiff has brought a motion for summary judgment and defendant has brought a cross motion for summary judgment. For the reasons set forth below, plaintiffs motion for summary judgment is granted and defendant’s cross motion for summary judgment is denied.
To establish a prima facie case, a plaintiff is required to submit proof that it timely sent its claim for no-fault benefits to defendant, that defendant received the claim and that defendant failed to pay or deny the claim within 30 days. (See Amaze Med. Supply Inc. v Allstate Ins. Co., 3 Misc 3d 133[A], 2004 NY Slip Op 50447DJ] [App Term, 2d & 11th Jud Dists 2004]; King’s Med. Supply Inc. v Country-Wide Ins. Co., 5 Misc 3d 767 [Civ Ct, NY County 2004].) Once plaintiff has established its prima facie case, the burden shifts to defendant to come forward with admissible evidence demonstrating the existence of a material issue of fact. (See Amaze Med. Supply Inc. v Allstate Ins. Co., 3 Misc 3d 133[A], 2004 NY Slip Op 50447[U].) In the instant action, plaintiff has sufficiently established its prima facie case by submitting a signed assignment of benefits form, a copy of its proof of claim form, the affidavit of a person with personal knowledge of the claim and proof of mailing of the claim. The only basis defendant has asserted for denying plaintiffs claim is that current perception threshold testing (CPT testing) was medically unnecessary.
The law is now well established that the burden is on the insurer to prove that the medical treatment was medically unnecessary. (See A.B. Med. Servs., PLLC v GEICO Ins., 2 Misc 3d 26 [App Term, 2d & 11th Jud Dists 2003]; King’s Med. Supply Inc. v Country-Wide Ins. Co., 5 Misc 3d 767, 772.) A denial premised on a lack of medical necessity must be supported by competent evidence such as an independent medical examination, a peer review or other proof which sets forth a factual basis and a medical rationale for denying the claim. (See Amaze Med. Supply Inc. v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]; King’s Med. Supply Inc. v Country-Wide Ins. Co., 5 Misc 3d 767, 771.)
The court finds that defendant’s denial of plaintiffs claim based on lack of medical necessity is insufficient to defeat plaintiffs prima facie claim as it is not supported by competent evidence. Defendant denied plaintiffs claim based on two prior *977 arbitration decisions which found that CPT testing is not a valid diagnostic test and would not effect the patient’s treatment. In each of these arbitration decisions, the arbitrator decided that CPT testing was not medically necessary based on the testimony of the doctors at the hearing. Defendant cannot rely on these arbitration decisions to satisfy its burden of establishing that the CPT testing is not medically necessary. The courts have been quite clear that a defendant is required to come forward with actual proof to support its claim that treatment is medically unnecessary such as a peer review or medical examination. (See, e.g., Amaze Med. Supply, 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U], *1.) These decisions require the defendant to actually present medical evidence to establish a defense of lack of medical necessity. While the arbitrators who found CPT testing to be medically unnecessary had competent medical testimony from doctors on which to base their decision, the defendant in this case has not presented any proof whatsoever to support its claim of lack of medical necessity. A decision from an arbitrator, while instructive, does not constitute proof. If defendant wished to preserve its defense that CPT testing is not medically necessary, the proper procedure would have been to submit a peer review from a doctor setting forth the basis for his or her conclusion that CPT testing was not medically necessary. Based on the foregoing, defendant has failed to raise an issue of fact sufficient to defeat plaintiffs motion for summary judgment.
Plaintiff’s motion for summary judgment is granted. The clerk is directed to enter judgment in favor of plaintiff in the amount of $660 together with statutory interest in the amount of $66 plus statutory attorneys’ fees in the amount of $145.20, together with costs and disbursements of this action.