OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, we find that the District Court properly denied plaintiffs motion for summary judgment on the ground that plaintiff had not demonstrated its prima facie entitlement to judgment as a matter of law (see New York Hosp. Med. Ctr. of Queens v Statewide Ins. Co., 33 Misc 3d 130[A], 2011 NY Slip Op 51863[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
A plaintiff seeking to recover for no-fault benefits must submit proof of the fact and the amount of the loss sustained, i.e., that health care services or supplies were provided and the amount thereof (see Insurance Law § 5106 [a]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; King’s Med. Supply, Inc. v Hereford Ins. Co., 5 Misc 3d 55 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In this case, plaintiff submitted an NF-5, UB-04 and DEC master output report in support of its motion for summary judgment. However, in order for such documents to constitute prima facie proof of the fact and the amount of the loss sustained, plaintiff would have had to demonstrate that such documents were admissible, pursuant to CPLR 4518 (a), as proof of the acts, transactions, occurrences and/or events recorded therein (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 31 Misc 3d 21 [App *43 Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see generally Matter of Carothers v GEICO Indem. Co., 79 AD3d 864 [2010]; Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2008]). Plaintiff failed to do so.
Plaintiffs argument that hospitals should not be held to the same standards of proof as other health care providers, because hospitals are required to use a different claim form (an NF-4 or NF-5 rather than an NF-3), is without merit. The NF-3 (verification of treatment by attending physician or other provider of health service), NF-4 (verification of hospital treatment) and NF-5 (hospital facility form) are all prescribed by the no-fault regulations (Insurance Department Regulations [11 NYCRR] Appendix 13), and one is not inherently more reliable than the others. The fact that a certain form was used to submit a claim to an insurer is irrelevant to the question of whether the health care provider demonstrated to the court that it is entitled to recover no-fault benefits.
We recognize that CPLR 4518 (b) allows hospital records to be used as prima facie proof of the facts contained in those records. However, CPLR 4518 (b) does not apply to “any action instituted by or on behalf of a hospital to recover payment . . . for services rendered by or in such hospital.” Even assuming, without deciding, that a hospital’s records could be used by the plaintiff hospital in an assigned first-party no-fault case, pursuant to CPLR 4518 (b), under the theory that the hospital is suing as the assignee of a patient seeking to recover benefits from an insurance company, and not on its own behalf, such documents must, in any event, “bear[ ] a certification by the head of the hospital or by a responsible employee in the controller’s or accounting office that the bill is correct, that each of the items was necessarily supplied and that the amount charged is reasonable.” No such certification was provided here, nor did plaintiff submit an affidavit of a hospital employee attesting to the truth of any of the contents of the records submitted by plaintiff. Instead, the only sworn statements submitted by plaintiff were made by plaintiffs attorney and by an employee of a third-party billing company, neither of whom claimed any knowledge as to the truth of the contents of the records.
Finally, we note that the cases cited by plaintiff (e.g. Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 34 AD3d 532 [2006]), for the proposition that hospitals are not required to submit proof of the fact and the amount of the loss sustained to the court in order to demonstrate their entitlement to no-fault *44 benefits, do not impact our decision in this case. In those cases, there is no indication that the defendants had ever objected to the plaintiffs’ prima facie showing on the ground that those plaintiffs had failed to submit such proof. Thus, plaintiff has not demonstrated that any appellate court in New York has been presented with the question of whether a plaintiff hospital is required to offer proof of the fact and the amount of the loss sustained in order to recover no-fault benefits in court and, upon considering that question, held that the hospital is not required to offer such proof. The Appellate Division has specifically held, twice, that a health care provider has not demonstrated its entitlement to recover no-fault benefits after finding that the provider’s claim forms were inadmissible pursuant to CPLR 4518 (a) (see Matter of Carothers, 79 AD3d 864; Art of Healing Medicine, P.C., 55 AD3d 644), and plaintiff has not provided a compelling reason to distinguish the instant case from those cases.
Accordingly, the order, insofar as appealed from, is affirmed.
We decline defendant’s request to search the record and award it summary judgment dismissing the complaint.
Molía, J.E, Iannacci and LaSalle, JJ., concur.