OPINION OF THE COURT
Katherine A. Levine, J.
Plaintiff AR Medical Rehabilitation P.C., a medical services provider, seeks to recover no-fault benefits for services it provided to its assignors. Defendant State-Wide Insurance Co. moves to dismiss the claim on the ground that plaintiff failed to establish its prima facie case by offering proof of mailing. The issue is whether a plaintiff may offer an NF-10 denial of claim form into evidence to prove that it mailed the subject claim form and that the insurer received it.
The Second Department has repeatedly held that a plaintiff no-fault provider establishes its prima facie entitlement to judgment by submitting proper evidentiary proof that it generated and mailed the prescribed statutory billing forms to the defendant insurer, that the defendant received it, and that the no-fault benefits were overdue. (Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d 1081, 1082 [2d Dept 2011]; see New York Hosp. Med. Ctr. of Queens v QBE Ins. Corp., 114 AD3d 648 [2d Dept 2014]; Lexington Acupuncture PC v MVAIC, Civ Ct, Kings County, 2012, index No. 13328/09; New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp., 12 AD3d 429 [2d Dept 2004]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2d Dept 2004].)
In Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co. (25 NY3d 498, 506 [2015]), the Court of Appeals affirmed the aforementioned precedent, stating that in a no-fault summary judgment motion where benefits are overdue, the plaintiff must prove that the “statutory claim forms were mailed to and received by the insurer,” citing with approval New York Hosp. Med. Ctr. of Queens v QBE Ins. Corp. Amplifying on this standard, the Court ruled that a medical provider must “submit proof of mailing through evidence in admissible form,” which proof may include “the verification of treatment form and/or an affidavit from a person or entity (1) with knowledge of the claim and how it was sent to the insurer or (2) who has relied upon the forms in the performance of their business.” (Id. at 507.)
*920 In affirming the Second Department holding, the Court of Appeals also upheld the lower court’s holding that the burden of proving submission is generally met by an affidavit of a billing agent or an employee averring that he or she personally mailed the claim forms to the insurer or averring that a standard office practice or procedure designed to ensure that items were properly addressed and mailed was followed. (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33, 45 [2d Dept 2013]; see also NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1043-1044 [2d Dept 2011] [Plaintiff established its prima facie case by submitting, among other things, the certified mail receipt, and the signed return receipt card referencing the patient and the forms, which demonstrated that the plaintiff mailed the necessary billing documents to the defendant]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001] [“The presumption (of mailing) may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed”].) The Court of Appeals emphasized that affidavits in support of the motion for summary judgment, which presumably would include affidavits of mailing, must fall within the business record exception in CPLR 4518 to the rule against hearsay.
Neither the Court of Appeals nor the Second Department in Viviane Etienne addressed whether at trial a medical provider could forgo evidentiary proof of its mailing procedure by relying upon its receipt of a denial form from the insurer. Prior to Viviane Etienne, the Appellate Term, Second Department found that a medical provider’s receipt of an NF-10 denial form from the insurer was sufficient to establish that the claim form was sent by the medical provider and received by the insurer. (See Eagle Surgical Supply, Inc. v Allstate Ins. Co., 42 Misc 3d 145[A], 2014 NY Slip Op 50343[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Oleg Barshay, D.C., P.C. v State Farm Ins. Co., 14 Misc 3d 74 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Accessible & Advance Med. P.C. v Allstate Ins. Co., 12 Misc 3d 147[A], 2006 NY Slip Op 51599[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Prestige Med. & Surgical Supply, Inc. v Clarendon Natl. Ins. Co., 13 Misc 3d 127[A], 2006 NY Slip Op 51672[U], *921 *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also AR Med. Rehabilitation, P.C. v State-Wide Ins. Co., 47 Misc 3d 1215[A], 2015 NY Slip Op 50631 [U] [Civ Ct, Kings County 2015].) This is because plaintiff is not trying to use the denial as its own business record pursuant to CPLR 4518 (a) but rather as an admission by defendant that the claim form has been received. (Eagle Surgical, 2014 NY Slip Op 50343 [U], *1; EMC Health Prods., 2014 NY Slip Op 50786[U], *1 [“Defendant’s denials admitted the receipt of the bills at issue . . . and plaintiff was not required to establish a CPLR 4518 foundation for the bills”]; King’s Med. Supply Inc. v Country-Wide Ins. Co., 5 Misc 3d 767, 770 [Civ Ct, Kings County 2004].)
Accordingly, a plaintiff may establish its prima facie case by submitting a copy of its proof of claim form accompanied by an affidavit or testimony of its billing manager as to his personal knowledge of the issuance of the claim and a copy of the defendant’s denial form indicating when defendant received the claim and when it denied it. (Oleg Barshay; King’s Med. Supply at 770.) The Viviane Etienne ruling does not alter this equation since the NF-10 is not being admitted for the truth of the matters asserted therein and therefore does not need to fall within the business records exception delineated in the Etienne decisions.
In light of the above, the court finds that plaintiff’s submission into evidence of the NF-10 denial is sufficient to establish that defendant received the claim. Plaintiff therefore established its prima facie case. As defendant did not present any witnesses to establish its defense, judgment is awarded to plaintiff.