■ CENTRAL GENERAL HOSPITAL, as Assignee of PAMELA MANDRESH, Respondent, v CHUBB GROUP OF INSURANCE COMPANIES, Also Known as CHUBB AND SON, INC., Appellant. [643 NYS2d 654]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff's assignee received medical treatment from the plaintiff on four occasions for injuries she allegedly sustained

in an automobile accident. Chubb Group of Insurance Companies (hereinafter Chubb) insured the automobile in which the plaintiff's assignee was riding when she was allegedly injured. The plaintiff submitted standard requests for payment of the no-fault claims which Chubb ultimately rejected on the grounds, *inter alia,* that the injuries sustained by its insured were pre-existing, work-related injuries which did not arise from the accident, and that the treatments provided were not medically necessary. Chubb did not, however, pay the claims within 30 days as required by Insurance Law § 5106 (a), and did not request further verification or deny the claim within the appropriate time frames (*see,* 11 NYCRR 65.15 [g]). The Supreme Court awarded summary judgment to the plaintiff as it concluded that Chubb's failure to take timely action on the claims for payment precluded it from litigating its defenses. We agree.

Contrary to Chubb's contentions, the Supreme Court correctly determined that preclusion of the claimed defenses was warranted (*see, Presbyterian Hosp. v Atlanta Cas. Co.,* 210 AD2d 210). Chubb failed to abide by the requirements of Insurance Law § 5106 (a) and, thus, preclusion is the appropriate remedy (*see, Presbyterian Hosp. v Maryland Cas. Co.,* 226 AD2d 260; 226 AD2d 613; *Presbyterian Hosp. v Atlanta Cas. Co., supra; St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718; *Loudermilk v Allstate Ins. Co.,* 178 AD2d 897).

Furthermore, by precluding Chubb from litigating its claimed defenses, it is not being unfairly forced to assume a risk outside of the scope of its policy. This case is clearly distinguishable from those in which the claimant, the vehicle, or the subject event was facially outside of the four corners of the insurance contract (*see, Presbyterian Hosp. v Atlanta Cas. Co., supra; cf., Zappone v Home Ins. Co.,* 55 NY2d 131, 134). Here, notwithstanding Chubb's conclusory contentions to the contrary, the injuries for which treatment was provided were reported to have been the result of the covered accident. To be entitled to litigate its asserted defenses to this no-fault claim, Chubb was obligated to provide a timely notice denying the claim. Having failed to do so, preclusion is wholly appropriate (*see, e.g., Presbyterian Hosp. v Atlanta Cas. Co., supra).*

Chubb's remaining contentions are without merit. Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.