90 N.Y.2d 195 (1997)
681 N.E.2d 413
659 N.Y.S.2d 246
Central General Hospital, as Assignee of Pamela Mandresh, Respondent,
v.
Chubb Group of Insurance Companies, Also Known as Chubb and Son, Inc., Appellant.
Court of Appeals of the State of New York.
Argued March 18, 1997
Decided June 10, 1997.
Bertram Herman, P. C., East Norwich (Bertram Herman of counsel), for appellant.
Joseph Henig, P. C., Bellmore (Joseph Henig and Gregory Henig of counsel), for respondent.
Bruce Somerstein & Associates, P. C., New York City (Robert Nizewitz of counsel), for Travelers Indemnity Company and another, amici curiae.
Short & Billy, P. C., New York City (Skip Short of counsel), for New York Central Mutual Fire Insurance Company and others, amici curiae.
Chief Judge KAYE and Judges SMITH and CIPARICK concur with Judge BELLACOSA; Judge WESLEY concurs in result in a separate opinion in which Judges TITONE and LEVINE concur.
*198 BELLACOSA, J.
This appeal stems from a lawsuit by Central General Hospital, pursuant to Insurance Law § 5106 (a), to recover no-fault billings from Chubb Group of Insurance Companies for medical services rendered to an allegedly injured motorist. Defendant-appellant insurer, the assignor of its patient's claimed benefits, argues that its untimely disclaimer does not prevent it from raising a defense of lack of coverage. The insurer's defense was premised on its assertions that the injured person's condition and hospitalization were unrelated to the accident and that the medical treatment was excessive.
The lower courts ruled in favor of the hospital and against the insurer. This Court granted leave to appeal and we now reverse the order of the Appellate Division and hold unanimously that the insurer's untimely disclaimer does not preclude it from denying liability on a strict lack of coverage ground.
Central General Hospital provided medical treatment to Pamela Mandresh on four separate occasions for injuries allegedly sustained in an automobile accident. Chubb insured the automobile Mandresh was driving at the time she was allegedly injured. The hospital submitted standard requests for payment of no-fault billings totaling $2,403.50. Chubb rejected them on the grounds that the injuries were not related to the accident and the treatments were excessive. Chubb insists that Mandresh's injuries were sustained in a separate work-related accident about a year prior to the automobile accident. Chubb alleges that Mandresh was treated by the same physician for the same cervical spine torticollis condition after both incidents.
Chubb neither paid nor denied the claims within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), and failed to request verification within the prescribed time frames (see, 11 NYCRR 65.15 [d] [1], [2]). The hospital then commenced the specifically authorized action, pursuant to Insurance Law § 5106 (a), to recover its assigned no-fault billing charges.
Following joinder of issue, Central General moved for summary judgment and Chubb cross-moved to bar the hospital *199 from offering any evidence based upon its failure to supply a bill of particulars. Supreme Court granted Central General's motion for summary judgment. It ruled that Chubb was precluded from disclaiming coverage because it did not deny the claim within 30 days or seek verification within 10 days after receipt of the claim. The court incidentally denied Chubb's cross motion with respect to the bill of particulars, an aspect of the case effectively subsumed by the primary disposition and, therefore, a matter we neither can nor need to pass on.
The Appellate Division essentially upheld the Supreme Court ruling (228 AD2d 406). It distinguished cases "in which the claimant, the vehicle, or the subject event was facially outside of the four corners of the insurance contract" (see, e.g., Zappone v Home Ins. Co., 55 N.Y.2d 131), noting that the injuries in this case were reported to have been a result of a covered accident (id., at 407).
We are persuaded that an insurer, despite its failure to reject a claim within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), may assert a lack of coverage defense premised on the fact or founded belief that the alleged injury does not arise out of an insured incident. The denial of liability based upon lack of coverage within the insurance agreement, as framed in part by the litigation strategy and nature of the instant dispute, is distinguishable from disclaimer attempts based on a breach of a policy condition (see, Zappone v Home Ins. Co., supra, 55 NY2d, at 136-137; contrast, Presbyterian Hosp. v Maryland Cas. Co., 90 N.Y.2d 274 [decided today]). Precedent and logical analysis support the extension of the Zappone exception here. Strict compliance with the time requirements of both the statute and regulations may be obviated and the preclusion remedy rendered unavailable when denial of claims is premised on a lack of coverage. Our precise holding is, therefore, narrower than the sweep of the proposition advanced by the concurring opinion.
We would not, for example, extend this exceptional exemption to excuse Chubb's untimely defense in relation to the treatment being deemed excessive by the insurer. That would not ordinarily implicate a coverage matter and, therefore, failure to comply with the Insurance Law time restriction might properly preclude the insurer from a belated rejection of the billing claim on that basis.
Insurance Law § 5106 (a) provides that "[p]ayments of first party benefits * * * are overdue if not paid within thirty days *200 after the claimant supplies proof of the fact and amount of loss sustained." This statute corresponds with Insurance Department regulation 11 NYCRR 65.15 (g) (3), which prescribes that "[w]ithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part." Notably, 11 NYCRR 65.15 (g) (5) requires that an insurer denying a claim on a no coverage basis "notify the applicant within 10 business days after such determination." A failure to provide such notification, however, does not preclude an insurer from resisting a summary judgment motion in an Insurance Law § 5106 (a) action with a defense based on lack of coverage (11 NYCRR 65.15 [g] [5]).
In Zappone v Home Ins. Co. (55 N.Y.2d 131, supra), this Court held that an insurer's failure to timely disclaim coverage pursuant to former Insurance Law § 167 (8) (superseded by Insurance Law § 3420 [d]) does not preclude it from later denying liability on the ground that the insurance agreement itself does not cover the particular automobile involved in the accident (id., at 135; see also, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson, 67 N.Y.2d 19, 20-21). Zappone distinguished a denial of liability circumstance based upon a policy exclusion and a breach of a policy condition from the situation in which an insurer claims no contractual relationship with respect to the subject vehicle and incident (Zappone v Home Ins. Co., supra, at 136-137; contrast, Presbyterian Hosp. v Maryland Cas. Co., 90 N.Y.2d 274, supra). Interpreting former Insurance Law § 167 (8), the Court concluded "that the Legislature in using the words `denial of coverage' did not intend to require notice when there never was any insurance in effect, and intended by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy" (55 NY2d, at 138). The Court reasoned that "[a] contrary rule would impose an intolerable burden on carriers, subject as they are to penalty for a misrepresentation concerning coverage" (id., at 138).
The language in Zappone construing former Insurance Law § 167 (8) and its rationale are similarly and logically instructive for our application in this Insurance Law § 5106 (a) no-fault matter. We are satisfied that no reasonable justification has been presented for distinguishing between liability and no-fault coverage in this regard (see, Presbyterian Hosp. v Maryland Cas. Co., 90 N.Y.2d 274, supra). To the contrary, the concerns we expressly recognized in Zappone against *201 burdening insurers with uncovered claims similarly applies in the no-fault context as they pertain to threshold coverage matters (id.). Since we decide no more than is precisely before us in this action, we urge also, as in Presbyterian Hosp. v Maryland Cas. Co. (90 N.Y.2d 274, supra), that the Legislature may well wish to examine the panoramic permutations of this genre of cases and enact more synchronized provisions in the highly technical and regulated general insurance and no-fault universes. The Superintendent of Insurance should, of course, assist the Legislature as necessary and as requested in such an endeavor.
Schiff Assocs. v Flack (51 N.Y.2d 692), decided slightly before Zappone and relied upon by the Court in Zappone, is another important guidepost to our niching of the present controversy in relation to the host of ordinary no-fault billings claims, disclaimers and disputes. In Schiff, we held that a disclaimer of liability, based on specified exclusions in professional indemnity insurance policies, does not effect a waiver of an insurer's defense (in other words, no preclusion obtains) that the claim was outside the scope of the insuring clause of the policy (id.). The Court reasoned that "for the insured to extend its coverage to more than it originally bargained, it would have had to enter into a supplemental contract expanding the insuring clause or contracting the exceptions" (id., at 698). Such an extension of coverage, however, "cannot be attained by waiver, which is a voluntary and intentional relinquishment of a known right" (id., at 698). Determining that the subject matter of the underlying litigation fell outside the scope of the policies, the Court concluded, therefore, that "the insurers did not lose their right to the defense of noncoverage by their initial disclaimer of liability based on the three policy exclusions, since that defense is never waived by a failure to assert it in a notice of disclaimer" (id., at 700; see also, Zappone v Home Ins. Co., supra, 55 NY2d, at 138).
Guided by the exception exemplified and distinctions drawn in these precedents, we are drawn to the conclusion in this case that Central General is not entitled to summary judgment against Chubb. The insurer is not precluded, despite its untimely disclaimer, from raising as a defense its denial of liability on the ground that the services rendered to treat the injuries at issue did not arise from a covered accident. That is the narrow kind of coverage matter contemplated and implicated by the Zappone rationale and its antecedents, albeit under different Insurance Law provisions. We note, however, *202 that we are not addressing questions as to aggravation of injuries out of successive events and like problems which ordinarily would not be pure matters of coverage but rather spinoffs and different legal and procedural complications involving varying factual disputation, variation and resolution, perhaps even in discrete alternative forums.
As noted earlier, moreover, we further differentiate between Chubb's arguable defense that the allegedly causative event was not covered at all and its assertion that the hospital treatments were medically excessive. The latter type of excusal from payment of some part of no-fault benefits  a matter of degree at best  does not ordinarily constitute the kind of lack of coverage classification contemplated or implicated by Zappone. Thus, an excessive medical treatments assertion should not provide dispensation from usual and pertinent Insurance Law time notification requirements and might suffer a preclusion remedy for violations. We are not persuaded by the concurring opinion that Insurance Law § 5102 (a) (1) dictates a contrary conclusion. That section of the Insurance Law, which defines "basic economic loss," does not, in our view, characterize excessive medical claims as a coverage matter for the purposes of deciding this appeal.
In sum, the only prong of this case as to which we rule in favor of appellant Chubb, at least to the extent of denying summary judgment to the assignee hospital, stands for the proposition that the preclusion remedy does not apply to a defense of no coverage at all.
Accordingly, the order of the Appellate Division should be reversed, without costs, plaintiff's motion for summary judgment denied, and the case remitted to Supreme Court, Nassau County, for further proceedings in accordance with this opinion.
WESLEY, J. (concurring).
We concur with the result reached by the majority, that defendant is not precluded from asserting its defense that the insured's injuries were not related to the accident in question. For the reasons set forth today in our dissenting opinion in Presbyterian Hosp. v Maryland Cas. Co. (90 N.Y.2d 274), however, we would further hold that defendant is not precluded from asserting its defense that the medical treatment rendered by plaintiff was excessive. As set forth in Presbyterian, we believe that preclusion was not intended to be a remedy for the untimely denial of a no-fault claim under the Insurance Law or the regulations of the Insurance Department.
*203 Moreover, we are not persuaded that the defense of excessiveness should be treated differently from the lack of coverage defense that defendant is allowed to assert. As we noted in Presbyterian, the no-fault statute is a creature of legislative fiat. The statute defines the coverage that must be provided. Medical expenses are not included as an item of "basic economic loss" under no-fault unless they are "necessary expenses" (Insurance Law § 5102 [a] [1]). To that extent, the question whether the medical expenses in this case were excessive or necessary presents merely a question of coverage. The distinction between "coverage" defenses (which are not precluded) and "noncoverage" defenses (which would be precluded under the majority's holding in this case and in Presbyterian) will only encourage more litigation, which no-fault was intended to avoid. A simple rule that no defenses are precluded avoids this problem.
Although, like the majority, we invite the Legislature and the Superintendent of Insurance to reexamine the statute and regulations, we believe that those laws as they now stand were intended to provide remedies other than preclusion for the untimely failure to deny a no-fault claim.
Order reversed, etc.