OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the *341 court below for further proceedings in accordance with the decision herein.
Plaintiffs assignor was in an automobile accident on March 27, 1999. The plaintiff sues defendant under the No-Fault Law to recover for medical services it provided to the injured person.
In our opinion, plaintiffs motion for summary judgment should have been granted. The Regulations of the Department of Insurance provide, inter alia, that “[wjithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part” (11 NYCRR 65.15 [g] [3]). In Presbyterian Hosp. v Maryland Cas. Co. (90 NY2d 274, 278), the Court stated that “preclusion of the insurance company’s ability to deny the claim is the appropriate remedy where, as here, the insurance company neither denies a claim within 30 days after receiving it nor seeks to extend that time by requesting verification in the prescribed forms” (internal quotations omitted).
In Central Gen. Hosp. v Chubb Group (90 NY2d 195), the Court held that there is an exception to the 30-day rule where the defense is that there is no coverage at all. In Mount Sinai Hosp. v Triboro Coach (263 AD2d 11), the Court held that the exception in Central Gen. (supra) does not extend to a claim that the treatment rendered was somehow excessive or unnecessary. In the case at bar, the defendant’s defense of lack of medical necessity does not come within the exception set forth in Central Gen. (supra). Consequently, the defendant’s untimely partial denial of plaintiffs claim entitles plaintiff to the granting of its motion for summary judgment.
Under the circumstances, and consistent with the Court of Appeals holding in Presbyterian Hosp. v Maryland Cas. Co. (supra), we find that plaintiff is also entitled to statutory interest and attorney’s fees (see, St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641). The matter is accordingly remanded to the court below for a calculation of the interest and attorney’s fees (see, Insurance Law § 5106 [a]; 11 NYCRR 65.15 [h] [1]; 65.17 [b] [6] [v], [iii]).
Floyd, P. J., Colabella and Coppola, JJ., concur.