■ Utica Mutual Insurance Company, Appellant, v Duane Timms et al., Defendants, and Calvin Powell, Respondent. [740 NYS2d 455] —In an action for a judgment declaring the rights and obligations of the parties with respect to an automobile liability insurance policy, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered April 20, 2001, as denied that branch of its cross motion which was for partial summary judg-

ment on its first cause of action seeking a declaration that it was not obligated to provide no-fault benefits to the defendant Calvin Powell on the ground that he submitted a fraudulent claim under the policy.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a judgment declaring that, based upon the submission of a fraudulent insurance claim by the defendant Calvin Powell (hereinafter the defendant), it was not obligated to provide no-fault coverage or to defend the defendant in an underlying action commenced in the Supreme Court, Bronx County. The defendant notified the plaintiff that he was involved in an automobile accident and that Duane Timms and Craig Keels were passengers in his vehicle. After a hearing, a judicial hearing officer determined, inter alia, that Keels was not a passenger in the defendant's vehicle.

The defendant then moved for summary judgment declaring, inter alia, that the plaintiff was obligated to provide him with no-fault benefits. The plaintiff cross-moved for partial summary judgment declaring that it was not obligated to provide those benefits or to defend the defendant in the underlying action. In particular, the plaintiff contended that the defendant's fraudulent conduct relieved it of its obligation to provide him with no-fault benefits or to defend him in the underlying action. The plaintiff further argued that the defendant's alleged breach of the noncooperation provision of the automobile insurance policy also relieved it from providing no-fault benefits and defending him in the underlying action.

The Supreme Court, inter alia, granted the defendant's motion and denied the plaintiff's cross motion to the extent that, notwithstanding the defendant's fraudulent conduct, the no-fault portion of the policy was not vitiated, and, as a result, the plaintiff was required to provide such benefits. The Supreme Court granted the plaintiff's cross motion only to the extent of finding that the plaintiff was not obligated to defend or indemnify the defendant in the underlying action in light of his fraudulent conduct.

Contrary to the plaintiff's contention, the defendant's fraudulent conduct did not vitiate the no-fault portion of the policy. "[T]he 'no-fault' endorsement is 'internally complete and a distinct part of the insurance policy. The coverage provided for in the [no fault] endorsement cannot be qualified by the inapplicable conditions and exclusions of the liability portion of the policy' " (*Eveready Ins. Co. v Asante,* 153 AD2d 874, 877, quot-

ing *Matter of Michigan Millers Mut. Ins. Co. v Cullington,* 59 AD2d 784, 785). We note, with approval, the Supreme Court's suggestion that the Legislature study and review this loophole in the no-fault law that permits an insured who attempts to commit fraud to reap the benefits of his insurance policy.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for partial summary judgment, and correctly determined that it was obligated to provide no-fault coverage to the defendant. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.