OPINION OF THE COURT
Memorandum.
Orders unanimously affirmed without costs.
In this action to recover $765 in first-party no-fault benefits for medical treatment provided its assignor, plaintiff established its prima facie case for summary judgment by proof it submitted properly executed statutory claim forms (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 224 [1986]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists]). Defendant’s conceded failure to pay or reject the claim within 30 days of receipt precluded defendant from interposing most defenses (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]). We cannot agree that defendant’s repeated requests of the assignor for an examination under oath (EUO) tolled the claim determination period because the insurance regulations then in effect did not provide for EUOs as a form of verification (Ocean Diagnostic Imaging P.C. v Nationwide Mut. Ins. Co., 4 Misc 3d 142[A], 2004 NY Slip Op 51041[U] [App Term, 2d & 11th Jud Dists]; Triboro Chiropractic & Acupuncture P.L.L.C. v Kemper Auto & Home Ins. Co., 4 Misc 3d 138[A], 2004 NY Slip Op 50905DJ] [App Term, 2d & 11th Jud Dists]). A new regulation, effective April 5, 2002, which explicitly provides for such verification, is inapplicable to the instant claim (see 11 NYCRR 65-3.5 [e]; Kings Med. Supply Inc. v GEICO Ins., 4 Misc 3d 138[A], 2004 NY Slip Op 50904[U] [App Term, 2d & 11th Jud Dists]). We have also rejected the argument that the absence of an EUO provision in the former verification scheme may be remedied by reference to policy provisions requiring that an insured cooperate with the insurer’s investigation of a claim, even if a clause therein explicitly provides for cooperation in that form (e.g. King’s Med. Supply v Kemper Auto & Home Ins. Co., 3 Misc 3d 131[A], 2004 NY Slip Op 50401[U] [App Term, 2d & 11th Jud Dists]). Such *94 provisions may not be invoked to alter the terms of the mandatory no-fault endorsement because the “internally complete and distinct part of the insurance policy . . . cannot be qualified by . . . conditions ... of the liability portions of the policy” (Utica Mut. Ins. Co. v Timms, 293 AD2d 669, 670 [2002]; A.B. Med. Servs. v State Farm Mut. Auto. Ins. Co., 3 Misc 3d 130[A], 2004 NY Slip Op 50387[U] [App Term, 2d & 11th Jud Dists]). Finally, an insurer may not rely on a letter, even if denominated a verification request, that merely informs a claimant that a decision on the claim is delayed pending an investigation, and without specifying a particular form of verification and the person or entity from whom the verification is sought, to toll the 30-day claim determination period (Ocean Diagnostic Imaging v Nationwide Mut. Ins. Co., supra, see also 11 NYCRR 65.15 [e] [2]; Sehgal v Royal Ins. Co. of Am., NYLJ, Apr. 15, 1999, at 31, col 4 [App Term, 9th & 10th Jud Dists] [letter informing claimant that a peer review was to be conducted is not a proper verification request]).
With regard to the fraud allegation, raised for the first time in defendant’s motion for summary judgment, defendant did not specify whether the fraudulent conduct was a staged automobile incident or the provider’s unilateral scheme to obtain no-fault benefits for unnecessary or excessive medical treatment. If the latter is the case, the purported defense is precluded by defendant’s untimely claim denial (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d at 285). If the former is the case, the defense survives preclusion (Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 752 [2002]) and would, if substantiated, constitute a complete defense to the action (Matter of Government Empls. Ins. Co. v Shaulskaya, 302 AD2d 522 [2003]). However, defendant failed to adduce proof in admissible form sufficient to create a triable issue of fraud, having submitted no affidavit by anyone with personal knowledge of the investigation. The herein allegations of fact, by an attorney who does not allege such knowledge, amount to mere unsubstantiated hearsay (e.g. Amstel Chiropractic v Omni Indem. Co., 2 Misc 3d 129[A], 2004 NY Slip Op 50088DJ], *1-2 [App Term, 2d & 11th Jud Dists] [“(An) attorney’s affidavit, consisting of unsubstantiated hypotheses and suppositions, is legally insufficient to support defendant’s fraud allegation”]).
Pesce, EJ., Aronin and Patterson, JJ, concur.