OPINION OF THE COURT
Eileen N. Nadelson, J.
*564 Plaintiff, a medical provider that is seeking first-party benefits pursuant to New York’s No-Fault Insurance Law, has moved for summary judgment based on defendant insurer’s failure to pay or deny plaintiffs claim within the statutory 30-day period following submission of said claim .
Defendant is opposing the motion for summary judgment by asserting that it is not subject to the provisions of 11 NYCRR 65-3.4 because plaintiffs assignor, the person allegedly injured in the motor vehicle accident, failed to submit to several requests for an examination under oath (EUO), and that the loss is not a covered loss because the accident was staged, thereby rendering plaintiffs assignor a noneligible party pursuant to New York’s No-Fault Regulation 68 (11 NYCRR part 65).
In reply to defendant’s opposition to this motion, plaintiff avers that the basis for denial stemming from its assignor’s failure to submit to EUOs is inapplicable because the statute authorizing such basis did not go into effect until after the incident in question. Further, plaintiff maintains that any accusation of fraud with respect to the claim made by defendant has been made against the other individuals involved in the incident but not against its assignor.
The basic facts are not in dispute. The insurance policy in question was issued by defendant on March 3, 2002. The alleged accident occurred on March 20, 2002. Plaintiff’s claim was received by defendant on May 16, 2002. After submission of the claim defendant requested an examination under oath of plaintiffs assignor. Plaintiffs assignor failed to appear and a second EUO was scheduled, which she also did not attend. On December 13, 2002, defendant issued its denial of benefits to plaintiff.
The regulation that forms the basis of this motion, Regulation 68-A, 11 NYCRR 65-1.1, was enacted in September of 2001. The regulation applies to all new and first renewal insurance policies effective on or after September 1, 2001. (11 NYCRR 65-1.1 [b] [1], [2].) The effective date of the regulation is April 5, 2002. The import of this regulation to the case at bar is that it is the operative legislative authority for an insurer to deny first-party benefits to medical providers whose assignors fail to attend EUOs.
Plaintiffs argument rests on the fact that the effective date of the regulation is subsequent to the date of the alleged accident and injury, and therefore is inoperative to the instant action. In support of this contention, plaintiff relies on Bronx *565 Med. Servs., P.C. v Lumbermans Mut. Cas. Co. (2003 NY Slip Op 51022[U], *3 [App Term, 1st Dept 2003]), which states that “[t]he revised regulations cannot be applied retroactively to cover plaintiffs September 2000 no-fault claim.” However, the facts in this cited decision are clearly distinguishable from the case at bar.
In Bronx Med. Servs., the insurer was basing its denial on a provision of the issued insurance policy in question. The court stated that “[t]he no-fault protection created by statute and implementing regulations cannot be qualified by the inapplicable conditions and exclusions of the liability portion of the policy.” (At *3 [internal quotation marks omitted], quoting Utica Mut. Ins. Co. v Timms, 293 AD2d 669 [2002].) In other words, the statute would prevail over a contrary provision in a private contract of insurance. Because the regulation in question was not enacted until after the subject accident, the court found the plaintiffs reasoning specious that the change in the regulation should give effect to its insurance policy provision. It was in the context of refuting this argument that the court correctly stated that the regulation could not be given retroactive effect.
This court notes that the accident and claim for benefits in the Bronx Med. Servs. case both occurred in the year 2000.
In the instant case, the regulation applies to the insurance policy issued by defendant in March of 2002. The only question to be decided by this court is whether the regulation applies to claims filed after its effective date relating to accidents occurring before its effective date.
Few decisions have been rendered on this issue, and none on this specific point. In Ocean Diagnostic Imaging P.C. v GEICO Ins. (3 Misc 3d 137[A], 2004 NY Slip Op 50511[U] [2d Dept 2004]), the court found that Regulation 68-A did not apply because it was not in effect-on the date of the accident or of the claim, which was received on August 15, 2001. In King’s Med. Supply Inc. v Progressive Ins. (3 Misc 3d 126[A], 2004 NY Slip Op 50311[U], *2 [2d Dept 2004]), the court also found for the provider because “at the time plaintiff’s claims were filed, EUOs were not available as a form of verification.” (Emphasis added.) Finally, in A.B. Med. Servs. PLLC v Eagle Ins. Co. (3 Misc 3d 8, 10 [2d Dept 2003]), the court held that the subject regulation was inapplicable with respect to denying claims based on the provider’s assignor failing to attend EUOs because “at the time plaintiffs filed the instant claims there was no provision in the insurance regulations for such a procedure.” (Emphasis added.)
*566 All of the above-cited decisions are clear on one point: Regulation 68-A does not apply retroactively to claims filed before its effective date. By contrast, the claim for benefits in the instant case was filed more than a month after the regulation came into effect, and the insurance policy upon which the claim is based is subject to the regulation because it was issued and effective after September 1, 2001. Therefore, the court holds that Regulation 68-A applies to claims filed after its effective date and, consequently, the court denies plaintiffs motion for summary judgment.
Although now moot, the court also finds that defendant’s argument that plaintiff’s assignor is not a covered person because of alleged fraud to be without merit. Defendant asserts correctly that the preclusion rule (denying an insurer the ability to raise any defense to a claim not paid or denied within 30 days of receipt or 30 days after verification) does not apply to a defense based on a claim that the incident was not an accident but a deliberate event staged in furtherance of a scheme to defraud the insurer (A.B. Med. Servs. PLLC v Eagle Ins. Co., supra). However, defendant has failed to provide any evidence of fraud with respect to plaintiff’s assignor. All assertions of fraud are made against the other parties to the incident, and therefore are not relevant to the assignor in question.
Plaintiffs motion for summary judgment is denied for the reasons stated above.