*30 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
In this action to recover first-party no-fault benefits for medical supplies furnished to its assignor, plaintiff established a prima facie entitlement to summary judgment by proof that it submitted the claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists 2003]). The record discloses that the defendant submitted a properly completed denial of claim form dated September 25, 2003 covering all the claims involved in the lawsuit. Contrary to the determination of the court below, said September 25, 2003 denial of claim form, which was attached to plaintiffs moving papers, and is identical to the denial of claim form dated September 25, 2003, included by defendant as part of its papers in opposition to plaintiff’s motion, adequately established that plaintiff sent, and that defendant received, the claims (see Capio Med., P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 129[A], 2005 NY Slip Op 50526[U] [App Term, 2d & 11th Jud Dists 2005]; A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [App Term, 2d & 11th Jud Dists 2004]; cf. SZ Med. P.C. v StateWide Ins. Co., 6 Misc 3d 132[A], 2005 NY Slip Op 50103[U] [App Term, 2d & 11th Jud Dists 2005]).
Defendant’s reliance on SZ Med. P.C. v State-Wide Ins. Co. (6 Misc 3d 132[A], 2005 NY Slip Op 50103[U] [2005], supra) is misplaced. In SZ Med. P.C., plaintiffs’ billing manager stated that she submitted the 15 annexed claim forms without specifying when they were sent, and relied on defendant’s letter which acknowledged receipt of claims but did not specify which of the claims were received. On those facts, this court held:
“In the absence of any evidence as to when plaintiffs *31 submitted their claim forms to defendant, and in the absence of any specification in defendant’s letters of February 13, 2002 as to which claims it had received prior thereto, plaintiffs were unable to establish whether payments as to all, or even any, of the claims being sued upon were overdue” (2005 NY Slip Op 50103[U], *2).
In the instant case, unlike in SZ Med. P.C., defendant submitted the exact same denial of claim form dated September 25, 2003 relied upon by plaintiff, without stating any objection thereto, or denying receipt of said bills, thereby effectively conceding receipt of the same.
Defendant’s September 25, 2003 denial of claim form indicates that defendant’s denial of plaintiffs claims was not timely made within the 30-day statutory period within which it was required to pay or deny the claims (11 NYCRR 65-3.8 [c]). We note that the record also contains denial of claim forms dated January 27, 2003 and January 28, 2003. However, they are fatally defective and of no import since these forms omitted numerous items of requested information, and were thus incomplete (Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664 [2004]). Furthermore, defendant’s documentary submissions are insufficient to establish proper mailing either of said denial of claim forms or the independent medical examination notices upon which the denials were based (see Hospital for Joint Diseases v Nationwide Mut. Ins. Co., 284 AD2d 374 [2001]; Contemp. Med. Diag. & Treatment, P.C. v Government Empls. Ins. Co., 6 Misc 3d 137[A], 2005 NY Slip Op 50254[U] [App Term, 2d & 11th Jud Dists 2005]). Accordingly, defendant is precluded from raising most defenses (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]), including its defense of excessive or unnecessary treatment (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [1999]). Defendant has failed to submit proof in admissible form in support of its defense of fraud and/or misrepresentation (see A.B. Med. Servs. PLLC v State-Wide Ins. Co., 7 Misc 3d 136[A], 2005 NY Slip Op 50785[U] [App Term, 2d & 11th Jud Dists 2005]). In any event, the unsworn investigative reports indicate that defendant’s claim of fraud is, in essence, premised on fraudulent billing or excessive medical treatment, forms of “provider fraud” which are defenses subject to the 30-day preclusion remedy (Fair Price Med. Supply Corp. v Travelers Indem. Co., 9 Misc 3d 76 [App *32 Term, 2d & 11th Jud Dists 2005]; see Central Gen. Hosp., 90 NY2d at 199; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d at 285; Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92 [App Term, 2d & 11th Jud Dists 2004]; cf. State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]).
Accordingly, summary judgment is granted in favor of plaintiff and the matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Pesce, EJ., Weston Patterson and Belen, JJ., concur.