OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
In an action to recover first-party no-fault benefits for health care services provided to an assignor, a plaintiff establishes a prima facie entitlement to summary judgment by proof that it submitted a claim, setting forth the fact and amount of the loss sustained and that payment of no-fault benefits is overdue (Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). While in its motion papers, plaintiff proved that it prepared a claim setting forth the fact and amount of the loss, plaintiffs proof that it submitted the claim to defendant was inadequate. We have held that a no-fault benefits applicant may cure deficiencies in its proof of mailing by annexing to its motion papers an insurer’s denial of claim form wherein the insurer acknowledges the claim’s receipt (e.g. Fair Price Med. Supply Corp. v ELRAC Inc., 12 Misc 3d 119 [App Term, 2d & 11th Jud Dists 2006]). Where, as here, plaintiff failed to annex the defendant’s denial of claim form to its motion papers, and the defendant annexes the denial of claim form to its opposing papers, the deficiency is similarly cured.
We are aware of the well-established principle that the failure of a proponent of a motion for summary judgment to make a prima facie showing of entitlement to judgment as a matter of law requires denial of the motion regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Moreover, it has been said that where a movant fails to demonstrate its entitlement to judgment as a matter of law, it is unnecessary for the court to even consider *76 the sufficiency of the opposition papers (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]). While opposition papers should not be reviewed for the sufficiency of the opposition, i.e., in order to determine whether a triable issue of fact has been raised, since in such cases the burden of proof will not have shifted to the party opposing the motion (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]), this is not to say that where a movant fails to establish a prima facie case, the court may never review the opposition papers. Where the missing elements of a movant’s prima facie showing of entitlement to judgment as a matter of law (such as here, plaintiffs submission of the claim forms) are supplied in the opposition papers, it is our opinion that the court may, in its discretion and pursuant to its power to search the record (CPLR 3212 [b]), find that a prima facie case exists, thereby shifting the burden of proof, notwithstanding the evidentiary deficiencies in the moving papers. Indeed, CPLR 3212 (b) authorizes the court to grant a motion for summary judgment, if upon “all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party” (emphasis added). The discretion of the court to review the opposition papers may be viewed as akin to the court’s discretionary power to grant reverse summary judgment in an appropriate case. This discretion exists both in the motion court and, in the first instance, in an intermediate appellate court (see e.g. Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 112 [1984]). Thus, the opposition papers may, in the court’s discretion, be perused to determine whether the record as a whole establishes the movant’s prima facie entitlement to judgment. Were we to interpret the law otherwise, a court could not, for example, grant summary judgment to a plaintiff whose moving papers are insufficient, even where there has been a concession of liability in defendant’s opposition papers.
Accordingly, where a movant has not made out a prima facie entitlement to summary judgment, while a motion court need not consider the opposition papers, it is not necessarily an improvident exercise of discretion for it to do so in order to determine whether the record as a whole will establish a party’s prima facie case. In the instant case, we exercise our discretion to search the record, as we have done in prior cases (see e.g. Dilon Med. Supply Corp. v State Farm Mut. Ins. Co., 12 Misc 3d 140[A], 2006 NY Slip Op 51344[U] [App Term, 2d & 11th Jud *77 Dists 2006]; M.G.M. Psychiatry Care P.C. v Utica Mut. Ins. Co., 12 Misc 3d 137[A], 2006 NY Slip Op 51286[U] [App Term, 2d & 11th Jud Dists 2006]; Vista Surgical Supplies, Inc. v State Farm Mut. Ins. Co., 12 Misc 3d 134[A], 2006 NY Slip Op 51189[U] [App Term, 2d & 11th Jud Dists 2006]; Vista Surgical Supplies, Inc. v Metropolitan Prop. & Cas. Ins. Co., 12 Misc 3d 130[A], 2006 NY Slip Op 51047[U] [App Term, 2d & 11th Jud Dists 2006]; First Help Acupuncture P.C. v State Farm Ins. Co., 12 Misc 3d 130[A], 2006 NY Slip Op 51043[U] [App Term, 2d & 11th Jud Dists 2006]; Careplus Med. Supply Inc. v State-Wide Ins. Co., 11 Misc 3d 29 [2005]; PDG Psychological P.C. v Utica Mut. Ins. Co., 11 Misc 3d 128[A], 2006 NY Slip Op 50246[U] [App Term, 2d & 11th Jud Dists 2006]), and find that plaintiffs prima facie entitlement to summary judgment was established, thereby shifting the burden to defendant to raise a triable issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Defendant’s denial was untimely (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3], now 11 NYCRR 65-3.8 [c]), and defendant failed to establish a tolling of the statutory 30-day claim determination period (New York & Presbyt. Hosp. v Allstate Ins. Co., 31 AD3d 512 [2006]) by proof that it issued a proper and timely verification request (11 NYCRR 65.15 [d] [1], now 11 NYCRR 65-3.5 [a]). Defendant alleged that it requested that assignor submit to an examination under oath (EUO) in December 2001. However, “the insurance regulations in effect prior to April 5, 2002 did not provide for EUOs as a form of verification” (A.M. Med. Servs., P.C. v Nationwide Mut. Ins. Co., 12 Misc 3d 143[A], 2006 NY Slip Op 51425[U] [App Term, 2d & 11th Jud Dists 2006]; see also King’s Med. Supply v Kemper Auto & Home Ins. Co., 3 Misc 3d 131[A], 2004 NY Slip Op 50401[U] [App Term, 2d & 11th Jud Dists 2004]), and the absence of an EUO provision in the former verification scheme “may [not] be remedied by reference to policy provisions requiring that an insured cooperate with the insurer’s investigation of a claim, even if a clause therein explicitly provides for cooperation in that form” (Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92, 93 [App Term, 2d & 11th Jud Dists 2004]).
While the untimely denial did not preclude defendant from interposing the defense that the assignor’s injuries did not arise from a covered incident, i.e., an incident alleged to have been staged to defraud defendant (Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 752 [2002]; see also State Farm Mut. Auto. Ins. Co. v Laguerre, 305 AD2d 490, 491 [2003]), it *78 remained, defendant’s burden to demonstrate “a founded belief’ that the injuries did not result from an insured event (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), and we agree with the court below that defendant failed to establish a triable issue of material fact as to fraud. The facts set forth in the affirmation of defendant’s counsel were without probative value as she had no personal knowledge of those facts (e.g. Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92, 94 [2004], supra), and none of the attached documents are sworn or supported by an affidavit by someone alleging personal knowledge of their preparation (A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 10 Misc 3d 50, 52 [App Term, 2d & 11th Jud Dists 2005]; see Rue v Stokes, 191 AD2d 245, 246 [1993]). In his affidavit, defendant’s claims representative likewise asserted no personal knowledge of defendant’s investigation into the incident and even if this case presented the “certain circumstances” meriting consideration of proof that would be inadmissible at trial (Kwi Bong Yi v JNJ Supply Corp., 274 AD2d 453 [2000]), the facts established little more than “unsubstantiated hypotheses and suppositions” (Penny v Pembrook Mgt., 280 AD2d 590, 591 [2001]), a “legally insufficient [basis] to support [a] defendant’s fraud allegation” (Amstel Chiropractic v Omni Indem. Co., 2 Misc 3d 129[A], 2004 NY Slip Op 50088[U], *1-2 [App Term, 2d & 11th Jud Dists 2004]).