OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, with $30 costs, and the branch of plaintiffs motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms in question and the fact and the amount of the loss sustained is granted.
*3 In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment or, in the alternative, for a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms and the fact and the amount of the loss sustained. Defendant cross-moved for summary judgment dismissing the complaint on the ground of lack of medical necessity. In an order entered August 17, 2011, the Civil Court found that defendant had established, for all purposes in the action, that defendant had issued timely and proper denials, and limited the trial to plaintiffs “prima facie case” and the issue of medical necessity. Plaintiff appeals, as limited by the brief, from so much of the order as denied the branch of its motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms and the fact and the amount of the loss sustained.
As plaintiff argues, it proved the submission of the relevant claim forms to defendant by annexing the denials, which admitted the receipt of those claim forms (see East Acupuncture, P.C. v Electric Ins. Co., 16 Misc 3d 128[A], 2007 NY Slip Op 51281[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Oleg Barshay, D.C., P.C. v State Farm Ins. Co., 14 Misc 3d 74 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Moreover, contrary to defendant’s argument on appeal, plaintiff established the fact and the amount of the loss sustained by demonstrating that its claim forms were admissible, pursuant to CPLR 4518 (a), as proof of the acts, transactions, occurrences and/or events recorded therein, and defendant did not rebut that showing. Thus, in the particular circumstances of this case, including the fact that the Civil Court did make a CPLR 3212 (g) finding as to the timely mailing of the denials and did limit the issues for trial, we find that it is appropriate to make a finding, pursuant to CPLR 3212 (g), that plaintiff established, for all purposes in the action, the submission to defendant of the claim forms and the fact and the amount of the loss sustained, and to therefore further limit the trial to the issue of medical necessity only.
Accordingly, the order, insofar as appealed from, is reversed and the branch of plaintiffs motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms and the fact and the amount of the loss sustained is granted.
*4 Pesce, RJ., Aliotta and Solomon, JJ., concur.