Family Care Acupuncture, PLLC, as Assignee of Cassandra Lherisson, Respondent, 
against
Ameriprise Auto & Home, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered July 21, 2014. The order, insofar as appealed from and as limited by the brief, denied the branch of defendant's motion seeking leave to renew defendant's opposition to plaintiff's motion for summary judgment, which had been granted in a prior order of the same court entered May 22, 2014. A judgment was entered on June 5, 2014 pursuant to the May 22, 2014 order, awarding plaintiff the principal sum of $2,112.19.




ORDERED that the order entered July 21, 2014, insofar as appealed from, is reversed, without costs, the branch of defendant's motion seeking leave to renew its opposition to plaintiff's motion for summary judgment is granted, and, upon renewal, the order entered May 22, 2014 and the judgment entered pursuant thereto on June 5, 2014 are vacated and plaintiff's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. After plaintiff's motion had been adjourned to April 2, 2014, defendant opposed the motion on the ground that an issue of fact exists with respect to, among other things, coverage, as, it contended, the accident at issue was a staged incident. On April 7, 2014, defense counsel conducted examinations under oath (EUOs) of Shenella Braithwaite, the driver who was involved in the collision at issue with the vehicle containing plaintiff's assignor, and of Karen Braithwaite, Shenella Braithwaite's mother. By order entered May 22, 2014, the Civil Court granted plaintiff's motion, finding that defendant had failed to raise a triable issue of fact, since defendant had not supported the defense of lack of coverage with evidence in admissible form. On June 5, 2014, a judgment was entered in favor of plaintiff in the principal sum of $2,112.19. 
Thereafter, defendant moved, insofar as is relevant to this appeal, for leave to renew its opposition to plaintiff's motion for summary judgment, and, upon renewal, for an order denying plaintiff's motion. In support of its motion, defendant proffered the certified transcript of the EUO testimony of Shenella Braithwaite, who had executed the transcript before a notary public on May 22, 2014. Shenella Braithwaite testified that when the vehicle in which plaintiff's assignor had been a passenger had, in effect, come to a sudden stop at a green light, Shenella Braithwaite drove into the rear of that vehicle. The witness further testified that, at the scene of the collision, the driver of the adverse vehicle had asked the witness if she wanted to make some [*2]money, and that he had later called her twice and asked her if she wanted to "make cash." The witness stated that she had declined the offers, and she further testified that the other driver "was too friendly" and had not been at all upset when he had spoken to her at the scene and by phone. Karen Braithwaite testified at a separate EUO that, when her daughter Shenella had called her from the scene of the accident, Karen had been able to listen to what was being said. Karen testified that her daughter had identified the voice of the adverse driver, and Karen stated that she had heard him ask Shenella if she knew "anybody who could come right now and get in the car." 
Additionally, defendant submitted an affidavit by its special investigator, who stated that, during his review of the incident, he had found several indicators of a potential intentional accident, including the insured's cancellation of the policy approximately three months after the collision, and the insured's assertions, in a telephone call to defendant, that he had never applied for the policy and that he did not own the vehicle at issue. Defendant's investigator also noted in his affidavit that the adverse driver and his passenger, plaintiff's assignor, had reported to defendant that they had sustained similar injuries from the collision, and that they were both represented by the same attorney. By order entered July 21, 2014, insofar as appealed from, the Civil Court denied the branch of defendant's motion seeking leave to renew its opposition to plaintiff's summary judgment motion, finding that defendant's "new evidence" could have been presented at the time plaintiff's original motion had been heard. 
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts in the prior motion" (CPLR 2221 [e] [3]). The requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court has the discretion to grant renewal even upon facts known to the moving party at the time of the original motion "if the movant provides a reasonable excuse for the failure to present those facts on the prior motion" (Yebo v Cuadra, 98 AD3d 504, 506 [2012]). 
Here, defendant demonstrated that the driver who had admittedly struck the vehicle at issue, and the driver's mother, had not yet testified as of the first adjourned date of plaintiff's motion, and that their EUO transcripts were not available in admissible form on the final adjourned date, May 22, 2014, when the order of the Civil Court was entered, awarding summary judgment to plaintiff. As defendant proffered a reasonable excuse for its failure to present the EUO testimony on the prior motion, the Civil Court improvidently exercised its discretion in denying the branch of defendant's motion seeking leave to renew its opposition to plaintiff's motion (see e.g. Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 797 [2015]). 
Turning to the merits, we find, upon a review of the record, that defendant's submissions, including the affidavit of its special investigator and the EUO testimony of Shenella Braithwaite and Karen Braithwaite, were sufficient to demonstrate that a triable issue of fact exists as to whether there was a lack of coverage for plaintiff's claims because the alleged injuries did not arise from an insured incident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199-200 [1997]). Contrary to plaintiff's contention, any failure by defendant to timely deny plaintiff's claims does not preclude it from asserting a lack of coverage defense (id.).
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking leave to renew its opposition to plaintiff's motion for summary judgment is granted, and, upon renewal, the order entered May 22, 2014 and the judgment entered pursuant thereto on June 5, 2014 are vacated and plaintiff's motion for summary judgment is denied.
Pesce, P.J., Weston and Elliot, JJ., concur.
Decision Date: June 22, 2016