Bob Acupuncture, P.C., as Assignee of JUNIOR ZUNIGA, Appellant, 
against
New York Central Mutual Fire Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered February 19, 2014. The order, insofar as appealed from as limited by the brief, denied the branch of plaintiff's cross motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms at issue.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branch of plaintiff's cross motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms at issue is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity or, in the alternative, for "partial summary judgment on the issue of Defendant's timely denials." Plaintiff cross-moved for summary judgment or, in the alternative, for a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms at issue. In an order entered February 19, 2014, the Civil Court denied plaintiff's cross motion in its entirety, but, in effect, granted the branch of defendant's motion implicitly seeking a finding, pursuant to CPLR 3212 (g), that defendant had issued timely denials, and limited the trial to plaintiff's "prima facie burden" and the issue of medical necessity. Plaintiff appeals, as limited by its brief, from so much of the order as denied the branch of its motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission of the claim forms to defendant.
As plaintiff argues, the submission of the claim forms at issue to defendant was established by the denials, annexed by both defendant and plaintiff, which admitted the receipt of those claim forms (see East Acupuncture, P.C. v Electric Ins. Co., 16 Misc 3d 128[A], 2007 NY Slip Op 51281[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Oleg Barshay, D.C., P.C. v State Farm Ins. Co., 14 Misc 3d 74 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Thus, in the particular circumstances of this case, including the fact that the Civil Court has made an implicit CPLR 3212 (g) finding as to the timely mailing of the denials and has limited the issues for trial, we find that the court should also have made a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission of the claim forms to defendant (see New York Diagnostic Med. Care, P.C. v GEICO Gen. Ins. Co., 42 Misc 3d 1 [*2][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of plaintiff's cross motion seeking a finding, pursuant to CPLR 3212 (g), that plaintiff had established, for all purposes in the action, the submission to defendant of the claim forms is granted.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016