Acupuncture Healthcare Plaza I, P.C., as Assignee of Mikhail Robinson, Appellant,
against
21st Century Advantage Ins. Co., Respondent.




Korsunskiy Legal Group, P.C. (Michael Hoenig, Esq.), for appellant.
Law Offices of Bryan M. Rothenberg (Maryana Feigen, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered January 24, 2014. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims in the sums of $290.74 and $210.72 are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
Contrary to plaintiff's contention, the denial of claim forms were sufficient to advise plaintiff that defendant was partially denying plaintiff's claims on the ground that the amount plaintiff sought to recover was not in accordance with the workers' compensation fee schedule. Indeed, a checked box on the forms indicated that benefits were denied because the fees were not in accordance with the fee schedule (see Alleviation Med. Servs., P.C. v State Farm Mut. Auto. Ins. Co., 47 Misc 3d 149[A], 2015 NY Slip Op 50778[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Arco Med. NY, P.C. v Lancer Ins. Co., 37 Misc 3d 136[A], 2012 NY Slip Op 52178[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In addition, plaintiff's argument that defendant failed to establish the mailing of the letters scheduling the independent medical examinations (IMEs) lacks merit. Defendant submitted an affidavit by an employee of the company which had been retained by defendant to schedule IMEs, which affidavit established that the IME scheduling letters had been timely mailed in accordance with that office's standard [*2]mailing practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
However, with respect to the branches of defendant's motion seeking summary judgment dismissing the complaint insofar as it sought to recover upon claims in the sums of $290.74 and $210.72, defendant's moving papers did not establish that these claims had been timely denied. As defendant did not demonstrate that it is not precluded from asserting its proffered defense that the amounts plaintiff sought to recover were in excess of the workers' compensation fee schedule, defendant is not entitled to summary judgment dismissing these claims. To the extent defendant seeks summary judgment dismissing these claims on the ground of lack of coverage, a defense which is not subject to preclusion (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), defendant's evidence was insufficient to establish, as a matter of law, that the assignor's alleged injuries did not arise from an insured incident so as to warrant the dismissal of the complaint (see Central Gen. Hosp., 90 NY2d at 199; Infinity Health Prods., Ltd. v American Tr. Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50195[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). However, plaintiff is not entitled to summary judgment upon these claims as defendant's evidence was sufficient to demonstrate the existence of a triable issue of fact.
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims in the sums of $290.74 and $210.72 are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017