Unitrin Safeguard Ins. Co. v Manuel (2025 NY Slip Op 01727)

Unitrin Safeguard Ins. Co. v Manuel

2025 NY Slip Op 01727

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 160090/22|Appeal No. 3944|Case No. 2024-00362|

[*1]Unitrin Safeguard Insurance Company, Plaintiff-Respondent,
v
Jermail Manuel, et al., Defendants, Abdul-Massih Family Health Nurse Practitioner PC, et al., Defendants-Appellants.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.
Goldberg, Miller & Rubin, New York (Harlan R. Schreiber of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 12, 2024, which granted plaintiff 's motion for summary judgment declaring that it had no duty to pay no-fault insurance claims to defendants Abdul-Massih Family Health Nurse Practitioner PC, Andrew Glyptis, MD, Brefni Chiropractic Diagnostics, PC, Emote Medical Services, PC, Kuman Medical Supply Inc., Masood Chiropractic Diagnostic, P.C., and Spine Care Chiropractic, P.C. (collectively, defendant providers) arising out of the underlying accident, unanimously affirmed, without costs.
Defendant claimants claimed that they were passengers in a covered vehicle and sustained injuries during a January 9, 2022 accident, and notified plaintiff that they intended to submit claims for no-fault benefits. However, claimants never answered the complaint or otherwise appeared in this action, and plaintiff obtained a default judgment against them. The remaining defendants are medical providers that submitted tens of thousands of dollars in no-fault claims as assignees of claimants.
The court properly granted plaintiff summary judgment declaring that it had no duty to pay no-fault claims to defendant providers, as plaintiff demonstrated a founded belief that claimants' injuries did not arise out of the accident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). Plaintiff proffered an affidavit from a claims investigator detailing the circumstances of the accident that led to the investigation, including the magnitude of the claims submitted, the absence of any claims for damage to the vehicle, and the lack of a police report. Plaintiff submitted affidavits from the occupants of the adverse vehicle, who characterized the accident as a bumper "tap" resulting in no visible damage to the covered vehicle or injury to the driver. The occupants of the adverse vehicle also stated they were able to see into the covered vehicle and there were no passengers within (see State Farm Mut. Auto. Ins. Co. v AK Global Supply Corp., 203 AD3d 556, 558 [1st Dept 2022]). Plaintiff also pointed out "red flags" in claimants' examinations under oath (EUOs) which undermined the credibility of their accounts (see State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City, LLC, 195 AD3d 454, 455 [1st Dept 2021]).
In opposition, defendant providers failed to raise an issue of fact, as they did not submit an affidavit of someone with personal knowledge of the legitimacy and circumstances of the accident or any other admissible evidence to rebut plaintiff's showing (see Nationwide Gen. Ins. Co. v South, 223 AD3d 411, 411-412 [1st Dept 2024]; Ramos v New York City Hous. Auth., 264 AD2d 568 [1st Dept 1999]). Insofar as claimants asserted in their EUOs that they were passengers in the vehicle at the time of the accident, the court properly construed claimants' default as an admission that their EUO statements were false and their injuries were not the result of the accident, as alleged by [*2]plaintiff in the complaint (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; Surgicore, 195 AD3d at 455).
Although defendant providers argue that plaintiff's summary judgment motion was premature, they failed to demonstrate that any proof necessary for their opposition was exclusively within plaintiff's possession or that they made further attempts to obtain that information (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]; see also CPLR 3212[f]). Their attorney's affirmation was insufficient in that regard (see 354 Chauncey Realty, LLC v Brownstone Agency, Inc., 213 AD3d 544, 545 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025